Ex Parte José María Franceschi et al., Petitioners and Appellants; López de Tord & Zayas Pizarro, Interveners and Appellees.

No. 6745. Argued June 25, 1934.—Decided July 9, 1934.

*Henry G. Molina* and *M. León Parra* for appellant. *López de Tord & Zayas Pizarro* in their own behalf.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On April 23, 1934, while arguing in the District Court of Ponce a motion filed by the heirs of Mr. Francisco María Franceschi offering a guarantee of $50,000 to secure the payment of the claim interposed by the intervenors López de Tord & Zayas Pizarro in case they should obtain judgment in their favor, the parties made a stipulation at the public hearing which copied literally reads as follows:

"Zayas Pizarro Esq.: The parties agree in that the judicial administration be limited to a certain property to be hereafter agreed upon so as to guarantee the claim of the intervenors López de Tord & Zayas Pizarro, in accordance with the bond fixed by this court. As to the other property, the same shall be delivered to the heirs by the judicial administrator, without any liability whatsoever, for it ceases to belong to the judicial administration, and the heirs may dispose thereof at will. The judicial administration shall continue only as to the liquidation of the aforesaid intervenors' claim; and the judicial administrator shall join in the offer made by the heirs of Franceschi and continue to defend the estate of Franceschi in regard to the claim of the intervenors López de Tord & Zayas Pizarro, as such judicial administrator, in accordance with the judgment of the Supreme Court of Puerto Rico of November 7, 1933, in the certiorari proceeding number 898—notice to be entered in the registry of property; Mr. Zayas Pizarro stating that in previously referring to the

bond fixed by the court, this does not mean that the property to be left shall be worth fifty thousand dollars, but that such property is to be left in the possession of the administrator to guarantee said fifty thousand dollars.

"León Parra, Esq.: The court knows what we have discussed to come to an agreement, without giving us a standard as to the amount of that property; and a foundation must be laid 'in accordance with the law.' These gentlemen's claim cannot but be in accordance with the law. This is going to serve as basis to determine the value of the property.

"León Parra, Esq.: In consideration of the possibility that this hon. court, in the exercise of its discretion might choose any of the other forms of bond which it establishes in its order of February 21, 1934, we submit to the court the same property which was offered, just as it was described, in our motion of December 23, 1933, entitled 'motion for reconsideration.'

"At the same time, we intend to ask the court that, should a good deal for that property arise, which would be profitable both for the colleagues and us, we would ask the court and the court would grant us leave to sell the same, substituting it by another, or depositing the purchase price in court.

"Zayas Pizarro, Esq.: I think so. The best thing would be that it be deposited in a bank so that it may thus bear interest.

"León Parra, Esq.: Assuming that The People of Puerto Rico pays Díaz García forty five thousand dollars owing to him . . .

"Zayas Pizarro, Esq.: They shall increase that sum in five thousand dollars and deposit the same; then that would be deposited in court.

"Judge: The retained property bond could be substituted by a cash bond.

"The court approves the stipulation agreed upon by the parties, which appears in the record, in the manner it has been stipulated and agreed; and an order remains to be issued, so as to point out the guaranty and therein determine the property."

On April 26, 1934, the court, in accordance with the agreement, issued an order limiting the judicial administration to certain property of the estate and decreeing that each and every one of the said properties were to continue under judicial administration as security to Messrs. López de Tord

& Zayas Pizarro, up to the sum of $50,000, to secure effectiveness of the judgment that may be rendered in favor of the claim for the amount of $125,000 which they have presented within the judicial administration for professional services rendered as attorneys in said administration and in numerous suits related to the estate of Francisco María Franceschi.

On May 31, 1934, the said heirs asked leave to withdraw the stipulation. The court, after hearing the parties, denied the said motion leaving the order issued on April 26, 1934, to stand.

The heirs appealed from this decision of the lower court and Messrs. López de Tord & Zayas Pizarro now appear requesting that the appeal be dismissed on the ground that the decision is not appealable, according to Subdivision three of Section 295 of the Code of Civil Procedure, because it was rendered by virtue of an agreed and accepted stipulation between the parties, and because it is frivolous and is taken with the only purpose of delaying and prejudicing the interests of said attorneys.

The appellants argue that the appeal taken is authorized by the third Subdivision of the said Section 295 of the Law of Civil Procedure, according to which an appeal may be taken to this Court from an order dissolving or refusing to dissolve an attachment. In our opinion, there is no ground to maintain that the order of the lower court refuses the dissolution of an attachment, for the reason that no attachment whatsoever has been levied. The property reserved by the court, by virtue of a stipulation, came under its control in a judicial administration proceeding and not by virtue of an order of attachment. The status of said property has not changed. In accordance with the agreement of the parties and the decree of the lower court, that property continues to be judicially administered so as to guarantee the claim established by Messrs. López de Tord and Zayas Pizarro in case judgment in their favor is rendered. Therefore an order refusing the dissolution of an attachment is

not involved, and hence, the order of the lower court, which is not comprised in any of the Subdivisions making up Section 295 of the Law of Civil Procedure, is clearly unappealable.

The appeal taken must be dismissed.